## FALKENBERG v. BERNARD EDWARD CO.
### No. 47 C 908.

District Court, N. D. Illinois, E. D.
Sept. 15, 1948.

Thiess, Olson & Mecklenburger, of Chicago, Ill., and George W. Saywell and Bates, Teare & McBean, all of Cleveland, Ohio, for plaintiff.

S. J. Lehrer and Earl Freeman, both of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Plaintiff instituted this action for the alleged infringement of claims 14 and 15 of Patent No. 2,409,425 duly issued to, and presently owned by, the plaintiff for an invention in drapery mountings. The defendant asserted a number of defenses, principal among which were prior art and a denial of infringement. Issue having been joined, a trial of the cause was had upon its merits.

The drapery mountings with which we are concerned here are utilized for the draping and dependent supporting of fabric material adjacently interior of building windows and window frames. The particular drapery for which the patented article was designed is known as over-draping, and is hung further within the room than the window shades, curtains, venetian blinds, and other window coverings, which latter hang between the window and said over-drapes. The distance at which the over-draping is spaced from the window frame upon which the drapery is supported is referred to in the trade as the "extension". Particularly, the over-drapes here-in involved are called valances and, for the most part, are used for ornamental decoration. The use of such ornamental decoration is called "festooning".

The principal parts of a valance are a chordal-shaped element called a "sweep", which extends horizontally across the top of the window from one upper corner to the other, and the dependent side panels called "cascades". The depth of the horizontal sweep and the length of the side cascades are matters of individual choice. Sometimes the three parts of a valance are in one piece, and sometimes are separate pieces. Historically, the use of festooning has been restricted to those who either could afford the services of a specialized expert in the drapery trade, or who were satisfied with the less artistic results achieved by devices inferior to that developed by the plaintiff.

The patent in suit is primarily directed to a fixture called a "hanger", a pair of which are angularly supported adjacent to the respective upper corners of a window and through and over and between which the valance material is draped. The hanger contains a series of open spaces, connected with the periphery by narrow-throated slots which may be temporarily forced open by the application of finger pressure. The desired effect of beauty and symmetry is achieved by inserting folds of the fabric into the open spaces through the slots. A pin is then run through the entire length of the fixture, thereby engaging the material and securing it in position.

It is clear from the evidence adduced that the defendant set out to, and actually did, copy the plaintiff's device. The only basic distinction between the two articles produced by the parties is that, whereas the plaintiff used the above-mentioned pin for the purpose of securing the material in the hanger, the defendant added beads or humps within the slots which acted as clamps. Such an addition, however, tends to accentuate, rather than differentiate, the copying.

Undeniably, the plaintiff's hanger was novel, presented a genuine improvement to the drape-hanging trade, and had remarkable public acceptance. Under the state of the law as it formerly existed, these ele-

**418**

ments would probably combine to produce patentable invention. Under the present state of the law, however, the plaintiff's device cannot be accorded this distinguished status and must be regarded merely as a mechanical improvement of a skilled tradesman in his line of work, and lacking that "flash of genius" necessary to constitute invention.

"We may concede that the functions performed by Mead's combination were new and useful. But that does not necessarily make the device patentable. Under the statute, 35 U.S.C.A. § 31, 35 U.S.C.A. § 31, R.S. § 4886, the device must not only be 'new and useful', it must also be an 'invention' or 'discovery'. * * * That is to say the new device, however useful it may be, must reveal the flash of creative genius not merely the skill of the calling. If it fails, it has not established its right to a private grant on the public domain." Cuno Engineering Corp. v. Automatic Devices Corp., 1941, 314 U.S. 84, 62 S.Ct. 37, 40, 86 L.Ed. 58.

Therefore, claims 14 and 15 of Patent No. 2,409,425 are declared invalid for lack of invention, and the cause is dismissed at the plaintiff's cost.